**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DEREK DAY,**<br>Plaintiff,<br><br>v.<br><br>**LONNIE G. BUNCH, III,**<br><br>Defendant. | **Civil Action No. 24-1593 (TSC)** |

**JOINT MEET AND CONFER STATEMENT**

Plaintiff Derek Day, along with Defendant Lonnie G. Bunch III, pursuant to Fed. R. Civ. P. 26, Local Rule 16.3, and this Court's Minute Order dated January 20, 2026, hereby jointly file this report following their counsels' conferral which began on February 20, 2026 via telephone conference:

1. **Brief Summary of the Case:** Following the Court's Memorandum Opinion and Order (ECF Nos. 14 and 15) dismissing Counts I through V of the Complaint, this is a claim for age discrimination (Claim VI) brought against the Secretary of the Smithsonian Institution concerning a denial of a promotion on two separate occasions (March and July vacancies) coupled with Plaintiff's claims that he was repeatedly questioned about his plans for retirement by one of employees who was ultimately selected for promotion, and was 14 years younger. The parties provide separate additional statements below.

Plaintiff: Plaintiff asserts that he was subjected to various forms of disparate treatment and targeted harassment, including unfair shift changes, reductions in pay, baseless disciplinary actions, and public humiliation. These actions were frequently accompanied by comments from

supervisors hinting at a bias against Plaintiff's age and longstanding service within the Agency, such as Lt. Taylor's repeated questioning of Plaintiff's retirement plans due to his age and statements regarding the Agency's intent to "change the culture." The continuous and repeated exclusion from career-enhancing trainings and baseless reprimands over the years contributed to a discriminatory work environment, where similarly situated employees outside of Plaintiff's protected class were treated more favorably. This ongoing targeting has not only disrupted Plaintiff's professional growth but has also impacted his financial stability, mental well-being, and his ability to care for his family, demonstrating a hostile and discriminatory atmosphere that has permeated Plaintiff's work experience.

Defendant: Defendant disputes the assertions above and asserts that it had legitimate, non-discriminatory reasons for the challenged employment actions and that Plaintiff cannot establish that those reasons are a pretext for discrimination. Defendant further asserts that Plaintiff cannot demonstrate age was the but-for cause for the challenged employment actions. Defendant has filed an Answer which asserts additional defenses.

**2. Disposition of the Case by Dispositive Motions:** There are no dispositive motions currently pending before the Court. Defendant believes that the remaining claim in the case can be resolved by summary judgment following completion of discovery. Plaintiff believes and asserts that there are genuine issues of material fact in dispute, such that disposing of the case at a dispositive motion stage is inappropriate.

**3. Joinder and Amendment to Pleadings:** The Parties propose that the deadline to seek leave to amend pleadings and/or add additional parties be March 20, 2026, although as of this filing, neither party expects any joinder or amendment.

**4. Magistrate:** The Parties do not consent to a referral to a magistrate judge at this time.

**5. <u>Settlement/ADR</u>:** The parties have had preliminary settlement discussions and, based on the parties' respective positions, Defendant does not believe a settlement conference would be productive at this time. Plaintiff is amenable to early settlement negotiations informally or through a formal settlement conference. Plaintiff consents to the referral to a magistrate judge for settlement conferences.

**6. <u>Dispositive Motions</u>:** Defendant believes that this matter can be resolved on summary judgment, and plans to file a motion for summary judgment following the close of discovery. As for dates for filing dispositive motions and other related filings, the Parties refer the Court to the Proposed Scheduling Order attached as Exhibit A.

**7. <u>Initial Disclosures</u>:** The Parties propose they exchange Initial Disclosures by April 20, 2026.

**8. <u>Discovery:</u>** The Parties agree that each Party should be limited to a maximum of 25 interrogatories, 30 requests for production of documents, 25 requests for admission, and a maximum of 10 depositions, not including depositions of expert witnesses. The Parties refer to the Proposed Scheduling Order attached as Exhibit A for the proposed schedule of discovery.

**9. <u>Disclosure, Discovery, and Electronically Stored Information</u>:** The parties are discussing potential ESI discovery and will advise the Court if any issues arise that require Court resolution.

**10. <u>Issues Regarding Privilege and Confidentiality</u>:** Defendant anticipates that a Protective Order will be necessary to protect any Privacy Act protected information that may be requested in discovery. Defendant plans to submit a proposed Protective Order for Plaintiff's consideration by the time Initial Disclosures are due.

**11. <u>Expert Witnesses:</u>** The Parties agree that the exchange of expert witness reports and

information should proceed pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure and refer the Court to the Proposed Scheduling Order attached as Exhibit A.

**12. Class Action:** Not applicable.

**13. Bifurcation:** The Parties do not believe that this is a case where bifurcation is appropriate.

**14. Depositions**: The Parties will work cooperatively to schedule depositions. To the extent that any party seeks to determines that take depositions beyond the limits set forth by Fed. R. Civ. P. 30 (as reflected in this Statement), the party will seek leave of Court after conferring with the opposing party.

**15. Pretrial Conference:** The Parties do not believe that a pretrial conference should be set at this time. Instead, the parties propose that the pretrial conference should be scheduled after resolution of Defendant's post-discovery dispositive motion in the event that motion is denied.

**16. Trial Date:** The Parties request that the Court set a trial date at the Pretrial Conference and refer the Court to the Proposed Scheduling Order attached as Exhibit A.

**17. Other Matters Appropriate for Inclusion in Scheduling Order:**

Not applicable.

Dated: February 27, 2026 Respectfully submitted,

//s// Dionna Maria Lewis
Dionna Maria Lewis, #219016
District Legal Group
163 Waterfront St.
Oxon Hill, MD 20745
Tel. 202-486-3478
Fax: 202-618-6187
Dionna@DistrictLegalGroup.com

*Counsel for Plaintiff*

JEANINE FERRIS PIRRO
United States Attorney

/s/ *Samantha-Josephine Baker*
SAMANTHA-JOSEPHINE BAKER
FL Bar No. 105714
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
Tel: (202) 252-2435
Samantha-Josephine.Baker@usdoj.gov

*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DEREK DAY,**<br>Plaintiff,<br><br>v.<br><br>**LONNIE G. BUNCH, III,**<br><br>Defendant. | **Civil Action No. 24-1593 (TSC)** |

**SCHEDULING ORDER**

UPON CONSIDERATION of the Joint Report Pursuant to LCvR 16.3, it is this ____ day of ________ 2026,

ORDERED, that the following discovery schedule be incorporated into the Court's Scheduling Order:

| | |
|---|---|
| Early Mediation Date (required by statute) | Not Applicable |
| Initial Disclosures | April 20, 2026 |
| Proponent's Rule 26(a)(2)(B) Report | September 21, 2026 |
| Opponent's Rule 26(a)(2)(B) Report | November 20, 2026 |
| Discovery Deadline | December 21, 2026 |

| | |
|---|---|
| Post Discovery Status Hearing | Fourteen Days after the close of all discovery or on a date and at a time convenience to the Court. |
| Pretrial Conference Date | To be set at the post discovery status hearing |
| Trial Date | To be set at the pretrial conference |

TANYA S. CHUTKAN
United States District Judge